United States District Court
Southern District of Texas
**ENTERED**
September 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIANO LAMONT WYATT, SPN # 02494473, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. H-22-0020 |
| COMMISSIONERS COURT, | § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Harris County pretrial detainee at time of filing, filed a *pro se* section 1983 lawsuit against the Harris County Commissioners Court. He proceeds *in forma pauperis.* Plaintiff claims that the Commissioners Court violated his constitutional rights by enforcing policies that run contrary to inmate safety at the Harris County Jail.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

## I.  BACKGROUND AND CLAIMS

Plaintiff states that he was physically assaulted by another inmate when he confronted the inmate for stealing plaintiff's commissary purchases. He complains that jail guards saw the incident and did nothing because they are understaffed and "short handed." Plaintiff states that, between the understaffing of guards and overcrowding of inmates, the jail has become violent and dangerous. He further complains that inmates are not properly classified

or housed, further resulting in unsafe conditions.  Plaintiff seeks judicial implementation of

a list of jail improvements and modifications as well as monetary and punitive damages.

## II.  ANALYSIS

A.    <u>Screening Standards</u>

Plaintiff is an inmate proceeding *in forma pauperis* who seeks redress from a

governmental entity.  The Court is required by federal law to scrutinize the claims and

dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous,

malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary

relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915A(b),

1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own

motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is

"frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant who is immune from such relief").

B.    <u>Non-Jural Entity</u>

Plaintiff names as the sole defendant in this lawsuit the Harris County Commissioners

Court.  The Commissioners Court is the body that exercises "powers and jurisdiction over

all county business . . ." TEX. CONST. art. V, § 18(b); *see Bee County v. Roberts*, 437 S.W.2d

62, 64 (Tex. Civ. App.—Corpus Christi 1968, no writ) ("A county operates through its

Commissioners Court[.]").  However, the Commissioners Court has no jural existence

separate and apart from Harris County and "does not have the capacity to sue or be sued." *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

Consequently, plaintiff has not sued a viable party or pleaded a viable claim for relief against a viable party under section 1983, and his claims are **DISMISSED WITHOUT PREJUDICE**.

C.     Injunctive Relief

Plaintiff's request for judicial implementation of his list of jail improvements and modifications seeks injunctive or prospective relief.

Public online records for the Harris County Sheriff's Office indicate that plaintiff is no longer in custody and has been released.[1]  Thus, plaintiff's request for injunctive or prospective relief as to conditions of confinement at the Harris County Jail has become moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (noting that transfer to a different prison facility mooted claims for declaratory and injunctive relief); *see also Flaming v. Alvin Community College*, 777 F. App'x 771, 772 (5th Cir. 2019) (holding that claim was properly dismissed as moot where the claim was no longer live).

Plaintiff's claim for injunctive or prospective relief as to his conditions of confinement at the Harris County Jail are **DISMISSED WITHOUT PREJUDICE** as moot.

---

[1]*See* https://www.harriscountyso.org/JailInfo/FindSomeoneInJail? as to SPN 02494473 (accessed September 11, 2022).  Plaintiff has not filed an updated current address of record with the Court.

3

### III.  CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITHOUT PREJUDICE**.  Any

and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).  Plaintiff is

warned that if he accrues three strikes, he will be barred from proceeding *in forma pauperis*

in federal district or appellate court unless he demonstrates that he is under imminent danger

of serious physical injury at the time of filing.

Signed at Houston, Texas, on _____SEP 1 3 2022_____.

_____

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

4